UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

**AUTISM SOCIETY OF MICHIGAN,**

                        **Plaintiff,**                Civil Action No. 5:05-CV-73

v.                                                        Hon. GORDON J. QUIST

**RONALD FULLER, in his official
capacity as Superintendent, Parchment
School District, CHARLES NICHOLSON,
in his official capacity as Principal,
Parchment High School, ROBERT
CHAMPION, NANCY LENZ, LARRY
REEVES, STEVE GIBSON, DEB
SULLIVAN, ROBERTO AGUIRRE, AND
JOEL SHAFFER, in their official capacities
as members of the PARCHMENT SCHOOL
DISTRICT SCHOOL BOARD,**

                        **Defendants'.**

| | |
|---|---|
| Stacy A. Hickox (P54431) | Gary Bartosiewicz (P28934) |
| Michigan Protection & Advocacy Service, Inc. | Early, Lennon, Crocker & 4095 |
| Legacy Parkway, Suite 500 | Bartosiewicz |
| Lansing, MI 48911 | 900 Comerica Building |
| Phone: (517) 487-1755 | Kalamazoo, MI 49007 |
| Counsel for Plaintiff | Phone: (269) 381-8844 |
| | Counsel for Defendants' |
| Mark A. Cody (P42695) | |
| Michigan Protection & Advocacy Service, Inc. | |
| 4095 Legacy Parkway, Suite 500 | |
| Lansing, MI 48911 | |
| Phone: (517) 487-1755 | |
| Counsel for Plaintiff | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

## **INTRODUCTION**

Under Fed. R. Civ. P. 34, any party may request production or inspection of any documents within the scope of Fed. R. Civ. P. 26(b). Under Fed. R. Civ. P. 33, any party may serve any other party with interrogatories consistent with the scope of Fed. R. Civ. P. 26(b)(2). Plaintiff Autism Society of Michigan ("ASM") served Defendants' with a Request for Production and Inspection of Documents and Interrogatories on June 20, 2005. Defendants' have failed to produce any of the requested documents or answer any of the interrogatories or to file a timely objection to any of the requests within the thirty day time period stipulated in the requests. Plaintiff ASM seeks an order to compel the Defendants' to provide the requested documents and interrogatories in accordance with Rule 37(a)(2)(B).

**I.     Defendants' Have Failed File a Timely Objection or to Produce the Documents and Interrogatories Requested.**

Plaintiff's First Request for Production and Inspection of Documents and First Set of Interrogatories were served to Defendants' on June 20, 2005. Under Fed. R. Civ. P. 34, the party upon whom a request for production and inspection of documents is served shall serve a written response within 30 days after the service of the request. Under Fed. R. Civ. P. 33 (b)(3), the party upon whom interrogatories are served shall serve a copy of the answers or objections within 30 days after the service of the interrogatories.

Defendants' have failed to produce or file a timely objection to any documents specified in the Plaintiff's First Request for Production and Inspection of Documents. Defendants' have also failed to produce or file a timely response to a written response to the interrogatories. Plaintiff's Motion to Compel should be granted to obtain the requested information because Defendants' have failed to meet their obligation under the Federal Rules of Civil Procedure to respond in a timely manner to Plaintiffs' discovery requests.

2

**II.     Plaintiff's Request For Production and Inspection of Documents Is Relevant to Plaintiff's Claims.**

Under Fed. R. Civ. P. 26(b)(1), a party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Each of the specific documents requested by ASM is relevant to ASM's claims against the Defendants'.

First, ASM requests any and all documents that relate in any way to the physical restraint of any student with a disability who has attended classes at Parchment High School from August 1, 1993 to present. This request is relevant to ASM's claim since ASM alleges that Parchment High School has discriminated against students with disabilities by failing to develop a policy on the proper use of restraint. Discovery of additional incidents of the improper use of restraint at Parchment High School is relevant to ASM's discrimination claims against Defendants'.

Second, ASM requests any and all documents that mention or relate to the training of Parchment School District employees in the use of physical restraints or any other method of behavior modification from August 1, 1993 to the present. This request is relevant to ASM's claims of discrimination because ASM alleges that the failure of Parchment High School to train its staff in the proper use of restraint constitutes discrimination. Discovery of the training provided by Parchment School District is necessary to substantiate ASM's claim of discrimination.

Third, ASM requests any and all document related to the training of Parchment School District employees in the use of restraints since August 1, 2003. Discovery of these documents is relevant to ASM's claim that Parchment School District has failed to train its staff in the proper use of restraint.

Fourth, ASM requests to any student directory prepared for Parchment High School for the 2002-2003 or 2003-2004 school years. The Defendant's response to this request would allow ASM to determine which students were attending the defendant's school and were therefore subject to the

3

use of personal restraint during those school years.

Fifth, ASM requests any and all documents relating to the consideration of policies, currently adopted policies, or policies in place since August 1, 1993 of Parchment School District regarding the use of physical restraints on students attending classes at the school. These documents are relevant to ASM's claims since ASM claims that the failure of Parchment School District to adopt a policy on the use of the restraint is discriminatory.

Sixth, ASM requests any agreements between Parchment School District and the Kalamazoo Regional Educational Service Agency ("KRESA") regarding placement of KRESA educational programs at any Parchment School District building. These agreements are relevant since Defendants' argue that KRESA is exclusively responsible for serving students with autism attending Parchment High School. Discovery of any agreements between Parchment School District and KRESA is relevant to ASM's discrimination claims.

### III. Plaintiff's Request for Interrogatories from Defendant Fuller is Relevant to Plaintiff's Claims.

Under Fed. R. Civ. P. 33, a party may request written interrogatories, not to exceed twenty-five, to be answered by the party served. These interrogatories are limited in scope by Fed. R. Civ. P. 26(b)(1), which requires that discovery must be relevant to the claim or defense of a party.

The Request for Interrogatories served to Defendant Fuller on June 20, 2005 consists of fourteen questions. Question 1 requests the identification of each person supplying information. Questions 2, 3, 12, 13, and 14 request information about students receiving special education services at Parchment High School. Questions 4 through 11 request information concerning Parchment School District's policy on the use of restraint and staff training in the use of restraint. These interrogatories are relevant to ASM's claims because ASM's claims of discrimination are predicated on the failure of Parchment School District to adopt a policy concerning the use of

4

restraint and train its staff in the use of restraint.

Under Rule Fed. R. Civ. P. 26(c) and (d), courts have discretion to limit the scope of discovery and control the time and sequence of discovery. Builders Ass'n of Greater Chicago v. City of Chicago, 170 F.R.D. 435,437 (N.D.Ill. 1996); Niederhoffer Intermarket Fund, L.P. v. Chicago Mercentile Exchange, 1999 WL 731773 (N.D.Ill. 1996). This discretion has been exercised by some courts to stay discovery where one of the parties raises a dispositive issue such as standing. Id.; *See* United States Catholic Conference v. Abortion Rights Mobilization, Inc., 487 U.S. 72, 79-80, 108 S.Ct. 2268, 2272, 101 L.Ed.2d 69 (1988). In Builders Ass'n of Greater Chicago, the Court denied a motion to stay discovery where the defendants' moved to dismiss for lack of standing. The Court held that Fed. R. Civ. P. 26 (c) and (d) only permits intervention in the scope and sequence of discovery by the court when such intervention is necessary to ensure a "just, speedy, and inexpensive determination of every action" as required under Rule 1. *See* Cohn v. Taco Bell Corporation, 147 F.R.D. 154, 161-162 (N.D.Ill.1993). In the instant case, court intervention under Fed. R. Civ. P. 26 would be inappropriate because Defendants' have failed to file a motion to stay discovery and have waived their right to object to ASM's discovery requests by failing to respond. Moreover, ASM's discovery requests are necessary for just adjudication of ASM's standing as required under Rule 1.

**IV.     Discovery Requests are Related to the Plaintiff's Standing.**

This Motion to Compel should not be denied, since the discovery requests all are related to the Plaintiff's assertions that it has standing to bring this claim. As stated in ASM's Response to the Defendants' Motion to Dismiss based on lack of standing, ASM has standing to bring these claims both as an organization in its own right and as an association representing its members. As an organization bringing suit in its own right, ASM satisfies the three elements of standing: injury-in-

fact, causation and redressibility. <u>Warth v. Seldin</u>, 422 U.S. 490, 511 (1975). ASM has presented evidence that it has been harmed both economically and non-economically by the Defendants' discrimination. ASM has shown that its injury is a direct result of the failure of the Defendants' to adopt a policy on restraint and provide training for its staff members in the proper use of restraint. Finally, the requested relief will redress the harm to ASM by preventing the dangerous use of restraint at Parchment High School.

As an association bringing suit on behalf of its members, ASM satisfied the three-prong <u>Hunt</u> test for associational standing. <u>Hunt v. Washington State Apple Advertising Commission</u>, 432 U.S. 333, 341 (1977). The first prong of the <u>Hunt</u> test requires that at least one member of the Plaintiff organization has standing to bring suit in his or her own right. <u>Id</u>. Three members of ASM have been identified as having standing to bring suit. Each of these members has a child diagnosed with Autism Spectrum Disorder who is or would soon be eligible to attend Parchment High School. The second prong of the <u>Hunt</u> test requires that an organization's claim must be relevant to its purpose. <u>Id</u>. ASM's stated purpose is to assure full participation and self determination for individuals with Autism Spectrum Disorder. ASM's claims are germane this mission by seeking to prevent Parchment School employees from discriminating against students with Autism Spectrum Disorders by improperly restraining them. The final prong of the <u>Hunt</u> test requires that the requested relief must not require the participation of individual members. <u>Id</u>. ASM satisfies this prong, which has been found to be discretionary where the Plaintiff is seeking only injunctive or declaratory relief, because ASM's requested relief does not require the participation of individual members.

The information requested in its interrogatories and request for production of documents is directly related to ASM's standing to bring suit on behalf of its members. The information requested would establish the extent to which the Defendants' have continued to use personal restraint on its

6

students in the recent past, thereby supporting the Plaintiff's claim for injunctive relief on behalf of its members.  In addition, the discovery responses would help substantiate ASM's allegations that the Defendants' continue to refuse to adequately train staff in the use of personal restraints, or to develop a policy or procedure regarding the use of restraints to prevent future harm to students, including potential harm to children of members of ASM.

## **CONCLUSION**

For the foregoing reasons, this Court should grant an order compelling Defendants' to answer the Interrogatories and Request for Production and Inspection of Documents.

Respectfully Submitted,

/s/ Stacy A. Hickox_____
Stacy A. Hickox (P54431)
Michigan Protection & Advocacy Service, Inc.
4095 Legacy Parkway, Suite 500
Lansing, MI 48911
(517) 487-1755
Attorney for Plaintiff

Date:   August 5, 2004