UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUTISM SOCIETY OF MICHIGAN,

    Plaintiff,

Case No. 5:05-cv-73

v.   Hon. Gordon J. Quist

RONALD FULLER, *et al.*,

    Defendants.
    _____/

**ORDER GRANTING MOTION TO AMEND**

This matter is now before the court on plaintiff's motion for leave to file a second amended complaint (docket no. 17). This matter has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A).

FED. R. CIV. P. 15(a) states that leave to amend "shall be freely given when justice so requires." As a general matter, leave to amend is freely given. However, the court has discretion to deny a motion to amend when there is undue delay, bad faith or a dilatory motive by the movant, repeated failure to cure deficiencies by previously allowed amendments, undue prejudice to the opposing party or futility of the amendment. *See Miller v. Champion Enterprises Inc.*, 346 F.3d 660, 689-90 (6th Cir. 2003).

Plaintiff filed its original complaint on May 2, 2005 (docket no. 1). Plaintiff filed an amended complaint on May 24, 2005 (docket no. 5). Defendants subsequently moved to dismiss plaintiff's first amended complaint (docket no. 13). Now, plaintiff seeks to file a second amended complaint, which supplements the allegations and adds a new plaintiff, Michigan Protection and

Advocacy Service, Inc.[1]  Plaintiff acknowledges that the proposed second amended complaint is in response to defendants' motion to dismiss:

> Plaintiff seeks to amend its Complaint to include facts which will clarify the issues raised in the Motion to Dismiss filed by the Defendants.  Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff moves to amend this Complaint for the reason that the Complaint should include additional facts and allegations regarding the standing issue raised in the Defendants' Motion to Dismiss.  The Plaintiff also seeks to amend to add Michigan Protection & Advocacy Service, Inc. ("MPAS") as a plaintiff, because that organization represents persons with similar interests of [sic] the members of [plaintiff].

Plaintiff's Brief at 1.

Defendants have asked the undersigned to defer ruling on this motion to amend until after the court hears the motion to dismiss on September 21, 2005.  In the alternative, defendants ask the court to deny the motion to amend because it is not appropriate for the court to determine the issue of standing as part of a motion to amend, or, grant the motion to amend on the condition that plaintiff stipulates to dismiss the first amended complaint with prejudice and costs to defendants for unnecessarily having to file the motion to dismiss.

The court declines defendants' invitation to defer ruling on this motion. Defendants make no substantive argument in opposition to plaintiff's second amended complaint.  The proposed second amended complaint is significantly more detailed than the first amended complaint.  In their response to plaintiff's motion to amend, defendants complain that the motion should be dismissed because "[a] motion to amend is not the proper motion for an order determining whether the proposed amended complaint establishes standing."  Defendants' Response at 3. Defendants,

---

[1] The court notes that plaintiff's present counsel is Stacy A. Hickox of Michigan Protection and Advocacy Service, Inc.

however, have not raised a single argument to support their contention that the second amended complaint is defective. Defendants have not demonstrated undue delay, bad faith or a dilatory motive by the movant, repeated failure to cure deficiencies by previously allowed amendments, undue prejudice to the opposing party or futility of the amendment sufficient for the court to deny plaintiff's motion to amend. *See Miller*, 346 F.3d at 689-90. Defendants apparently want to proceed with a hearing on their motion to dismiss the admittedly defective first amended complaint or, in the alternative, require plaintiff to "stipulate to dismiss its [f]irst [a]mended [c]omplaint with prejudice and costs to [d]efendants for unnecessarily having to file the [m]otion to [d]ismiss." *Id.* Defendants also express concern that if the court allows plaintiff to file the second amended complaint, there will be no end to the process of plaintiff amending its complaint after defendant moves to dismiss the complaint. *Id.* at 2-3.

Defendants have obtained the primary purpose of their motion to dismiss: plaintiff has conceded that its first amended complaint was defective. Plaintiff has set forth a considerable number of new allegations in the second amended complaint. Rather than limit the court's review to the admittedly defective allegations as set forth in the first amended complaint – a poor use of judicial resources – the court's time is better spent considering the more comprehensive allegations as set forth in the second amended complaint, assuming the latter is not itself defective, and there is nothing presently to suggest it is. By granting plaintiff's motion, all of plaintiff's relevant allegations will be placed squarely before the court. *See In re Atlas Van Lines*, 209 F.3d 1064, 1067 (8th Cir. 2000) ("[i]t is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

Finally, defendants' concern that plaintiff will engage in an endless cycle of amending the complaint in response to dispositive motions is unfounded. While Rule 15(a) provides that leave

3

to amend "shall be freely given," plaintiff does not have "a carte blanche for unlimited successive complaint amendments." *Tarkowski v. Robert Bartlett Realty Co.*, 644 F.2d 1204, 1208 (7th Cir.1980).

Accordingly, plaintiff's motion for leave to file a second amended complaint (docket no. 17) is **GRANTED**, and the second amended complaint is deemed filed this date.

**IT IS SO ORDERED.**


Dated:  September 9, 2005  /s/ Hugh W. Brenneman, Jr.
Hugh W. Brenneman, Jr.
United States Magistrate Judge