UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

AUTISM SOCIETY OF MICHIGAN and
MICHIGAN PROTECTION AND
ADVOCACY SERVICE, INC.,

        Plaintiff,

v.                                                                                        Case No. 5:05-CV-73

RONALD FULLER, in his official capacity as                    HON. GORDON J. QUIST
Superintendent, Parchment School District;
CHARLES NICHOLSON, in his official
capacity as Principal, Parchment High School;
ROBERT CHAMPION, NANCY LENZ,
LARRY REEVES, STEVE GIBSON, DEB
SULLIVAN, ROBERTO AGUIRRE, and
JOEL SHAFFER, in their official capacities
as members of the PARCHMENT SCHOOL
DISTRICT SCHOOL BOARD,

        Defendants.

_____/

## MEMORANDUM ORDER

Presently before the Court is the parties' joint motion under Rule 60(b) pursuant to the

procedure set forth in *First National Bank v. Hirsch*, 535 F.2d 343 (6th Cir. 1976). The parties

indicate that they have reached an agreement to settle this case on appeal and that in order to make

the settlement possible, the parties request that the Court vacate its May 26, 2006, Opinion and Order

in which the Court granted the Defendants' motion to dismiss because the Plaintiffs' allegations

failed to establish that they have standing either as representatives of their members or constituents

or, with respect to ASM, in its own right. *First National Bank* sets forth "the proper procedure

which a party should follow when it seeks to make a motion under Rule 60(b) to vacate the judgment

of the district court, after a notice of appeal has been filed." *Id*. at 345. Under that procedure, the

party seeking relief pursuant to Rule 60(b) must file the motion in the district court, and if the district court issues an order stating that it is disposed to grant the motion, the moving party may file a motion to remand in the court of appeals in order to allow the district court to rule on the motion. *See id*. at 346.

In *U.S. Bankcorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 115 S. Ct. 386 (1994), the issue was "whether appellate courts in the federal system should vacate civil judgments of subordinate courts in cases that are settled after appeal is filed or certiorari sought." *Id*. at 19, 115 S. Ct. at 388-89.  The Supreme Court held that, except where "exceptional circumstances" are shown, "mootness by reason of settlement does not justify vacatur of a judgment under review." *Id*. at 29, 115 S. Ct. at 393; *accord Remus Joint Venture & Envtl. Disposal Sys, Inc*., 116 F.3d 180, 185 (6th Cir. 1997) ("The equitable remedy of vacatur normally is not appropriate . . . when the losing party's deliberate actions have rendered moot an otherwise live controversy.").  The Supreme Court noted that "exceptional circumstances do not include the mere fact that the settlement agreement provides for vacatur." *U.S. Bancorp Mortgage Co*., 513 U.S. at 29, 115 S. Ct. at 393.  In concluding that vacatur should generally be denied in such circumstances, the Court reasoned that a party's voluntary surrender of its right to appellate review as a consequence of settlement is conduct that bars "equitable entitlement to the extraordinary remedy of vacatur." *Id*. at 26, 115 S. Ct. at 392.  The Court also considered the issue in the context of two policy considerations: (1) the public interest in judicial precedents; and  (2) the facilitation of settlement.  With regard to the first consideration, the Court stated, "'Judicial precedents are presumptively correct and valuable to the legal community as a whole.  They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur.'" *Id*. at 27, 115 S. Ct. at 392 (quoting

*Izumi Seimitsu Kogyo Kaushiki Kaisha v. U.S. Philips Corp.*, 510 U.S. 27, 40, 114 S. Ct. 425, 428 (1993) (Stevens, J., dissenting)).  Allowing a party to sidestep the system for judicial review through vacatur would be inconsistent with the "orderly operation of the federal judicial system." *Id*.  As for the policy of encouraging settlement, the Court observed:

> [W]hile the availability of vacatur may facilitate settlement after the judgment under review has been rendered and certiorari granted (or appeal filed), it may *deter* settlement at an earlier stage.  *Some* litigants, at least, may think it worthwhile to roll the dice rather than settle in the district court, or in the court of appeals, if, but only if, an unfavorable outcome can be washed away by a settlement-related vacatur.  And the judicial economies achieved by settlement at the district-court level are ordinarily much more extensive than those achieved by settlement on appeal.  We find it quite impossible to assess the effect of our holding, either way, upon the frequency or systemic value of settlement.

*Id*. at 27-28, 115 S. Ct. at 393.

Although *U.S. Bankcorp Mortgage Co*. concerns the application of 28 U.S.C. § 2106, which allows the Supreme Court and courts of appeals to vacate district court decisions, district courts have interpreted the decision as altering the analysis for Rule 60(b) motions by requiring a showing of exceptional circumstances for vacatur of a judgment or order under Rule 60(b).  *See Carter v. Rosenberg & Estis, P.C.*, No. 95 CIV. 10439(DLC), 1999 WL 13036, at *2 (S.D.N.Y. Jan. 13, 1999); *Krolikowski v. Volanti*, No. 95 C 1254, 1996 WL 451307, at *8 (N.D. Ill. Aug. 7, 1996); *Meis-Nachtrab v. Griffin (In re Meis-Nachtrab)*, 200 B.R. 170, 171 (Bankr. N.D. Ohio 1996).  Based upon its experience in other cases involving appeals to the Sixth Circuit where the parties sought to use the "*Hirsch* procedure" to have this Court vacate its orders solely to facilitate a settlement on appeal, it appears to the Court that *U.S. Bancorp Mortgage* may impose some limitations on the use of the "*Hirsch* procedure" if it is used solely as a means of settlement.

3

In the instant case, the parties have not even suggested that there are exceptional circumstances in this case justifying the remedy of vacatur.  As noted above, the fact that the parties have settled the case and desire to have the unfavorable ruling withdrawn is generally insufficient to warrant vacatur.  Therefore,

**IT IS HEREBY ORDERED** that the parties joint motion (docket no. 65) is **DENIED**.  The Court declines to vacate its Opinion and Order of May 26, 2006, and, should the case be remanded to this Court by the United States Court of Appeals for the Sixth Circuit, the Court is not disposed to grant the parties' joint motion under Rule 60(b).

**IT IS FURTHER ORDERED** that Stacy Hickox's Motion To Withdraw As Attorney (docket no. 66) for plaintiff  is **GRANTED**.

Dated:  August 29, 2007                            _____/s/ Gordon J. Quist_____
                                                                      GORDON J. QUIST
                                                                UNITED STATES DISTRICT JUDGE

4